# In the United States Court of Federal Claims

No. 24-1811

Filed: December 3, 2024

| | |
|---|---|
| BEVERLY BLAIR, | ) |
| | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## **ORDER**

Beverly Blair, proceeding pro se, alleges that various officials in Arkansas are not following federal law. She also seeks leave to proceed *in forma pauperis*. ECF No. 2. Based on the information Ms. Blair provided to the court, the court **GRANTS** her leave to proceed *in forma pauperis*.

Because Ms. Blair has sought leave to proceed *in forma pauperis*, the court must screen the complaint to ensure that it states a claim, 28 U.S.C. § 1915(e)(2), and falls within this court's jurisdiction. As explained below, this court lacks jurisdiction to hear this action.

This court's primary grant of jurisdiction appears in the Tucker Act, which provides that:

> [this court] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke this court's jurisdiction, Ms. Blair must identify a "separate source of substantive law that creates the right to money damages." *Greenlee Cnty. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal quotation marks omitted) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). If Ms. Blair fails to establish jurisdiction, this court must dismiss the complaint. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Outlaw v. United States*, 116 Fed. Cl. 656, 658-59 (2014).

It is Ms. Blair's burden to establish this court's jurisdiction by a preponderance of the evidence. *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018). When determining whether this court has jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Id.* at 1155 (internal quotation marks omitted) (quoting *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)). Because Ms. Blair appears pro se, the court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). That leniency, however, does not relieve Ms. Blair from establishing this court's jurisdiction. *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

From what the court can discern,[1] certain officials from the State of Arkansas Department of Human Services, Division of Children and Family Services[2] and officers from the City of Pine Bluff removed a juvenile from Ms. Blair's home. ECF No. 9 at 1. This juvenile appears to be related to Ms. Blair in some way because she complains about the "destruction" of her family due to her not having contact with the juvenile since the removal from her home. ECF No. 9 at 1; ECF No. 11 at 1-2. Ms. Blair previously filed a complaint in the Eastern District of Arkansas raising many of these same issues. *See generally Blair v. Blackston*, No. 4:23-CV-01207-LPR, 2024 WL 1833087 (E.D. Ark. Apr. 15, 2024), *appeal dismissed*, No. 24-1879, 2024 WL 4645224 (8th Cir. May 3, 2024). In that case, the district court found that Ms. Blair had failed to state a claim or establish that court's jurisdiction. *Id.* at *2. Before dismissing the complaint, however, the district court granted Ms. Blair leave to amend her complaint and suggested she seek counsel to assist her. *Id.* Ms. Blair then filed a notice of appeal to the Eighth Circuit, which dismissed her appeal for lack of jurisdiction. *Blair v. Blackston*, No. 24-1879, 2024 WL 4645224, at *1 (8th Cir. May 3, 2024). Having failed to amend her complaint within the time allotted in its order, the district court dismissed her complaint. Order, *Blair v. Blackston*, No. 4:23-CV-01207 (E.D. Ark. June 25, 2024), ECF No. 13. Before this court, Ms. Blair complains both about the removal of the child from her home and apparently about the failure of the district court and Eighth Circuit to rule in her favor. *See generally* ECF Nos. 7, 9. She seeks $10 billion in compensation and an injunction requiring certain individuals to enforce federal law. ECF No. 11 at 2.

Even assuming all alleged facts in the complaint to be true and construing them in the best light for Ms. Blair, this court lacks jurisdiction to hear her claim. First, to the extent that Ms. Blair's allegations are against the State of Arkansas, the City of Pine Bluff, or the individuals she identifies as failing to enforce federal law, *see* ECF No. 11 at 2, this court lacks jurisdiction to hear those claims. Again, under the Tucker Act, this court's jurisdiction is limited

---

[1] The plaintiff has filed many documents with the court regarding her claims. *See* ECF Nos. 1, 7, 9, 11, 13, 18. The court reviews these documents and a similar complaint that she filed in case number 4:23-cv-1207-LPR in the United States District Court for the Eastern District of Arkansas to understand what she is alleging.

[2] In her motion for summary judgment, Ms. Blair identifies the people that appear to have removed the child from her home as working for "DCFS" and the City of Pine Bluff. ECF No. 11. The court understands DCFS to refer to the Division of Children and Family Services.

to cases against the United States.  28 U.S.C. § 1491(a)(1).  This jurisdiction does not extend to any other party, and "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, this court does not have jurisdiction over cases against individual federal officials.  *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).  Similarly, this court lacks jurisdiction over states or state officials and must dismiss those claims.  *Sherwood*, 312 U.S. at 588.

Second, to the extent that Ms. Blair is complaining about the proceedings before the Eastern District of Arkansas and/or the Eighth Circuit, *see* ECF No. 9 at 1 ("asking for relief and for governmental oversight over its Courts"); *id*. at 3 (seeking relief and protection "from all harm done from Courts"), this court lacks jurisdiction to review those decisions because "the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."  *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017) (citation omitted).

Third, Ms. Blair appears to base some of her claim on tort theories.  *See* ECF No. 9 at 3 (alleging "Negligence and malfeasance"); *see also* ECF No. 7[3] (asserting "Federal Tort Claims").  This court's jurisdiction, however, only includes "cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  Therefore, the court lacks jurisdiction over the complaint to the extent Ms. Blair bases her claims on torts.

Finally, Ms. Blair has failed to identify a money-mandating source of law to support this court's jurisdiction.  She points to two federal laws that the court addresses in turn.  Insofar as she brings her claims under Title IV-E of the Social Security Act, 42 U.S.C. §§ 670-679c, that does not provide this court jurisdiction.  Rather, it "establishes a cooperative state-federal foster care and adoption assistance program for children."  *Blair*, 2024 WL 1833087, at *1 n.11 (quoting *State of Missouri v. Bowen*, 813 F.2d 864, 865 (8th Cir. 1987)).  Although this statute provides for various payments by the Federal Government to the States, *e.g.*, 42 U.S.C. §§ 670, 673b, 674, it does not provide or imply that a plaintiff may recover monetary damages in the event of a violation.  Her reliance on the Family First Prevention Services Act, Pub. L. No. 115-123, §§ 50702-782, fares no better.  That law amended Title IV in ways meant "to provide enhanced support to children and families and prevent foster care placements through the provision of mental health and substance abuse prevention and treatment services, in-home parent skill-based programs, and kinship navigator services."  Bipartisan Budget Act of 2018, Pub. L. No. 115-123, § 50702, 132 Stat. 64.  But there is nothing in the statutory text that mandates or implies that the United States shall be liable for money damages for a violation.

Because this court lacks jurisdiction to hear Ms. Blair's complaint, it must dismiss it. Transfer to the Eastern District of Arkansas is not appropriate in this case under 28 U.S.C. § 1631 because the complaint that Ms. Blair filed here is materially the same as the complaint that she previously filed in that court, which that court dismissed without prejudice because she

---

[3] ECF No. 7 is a corrected version of the exhibit Ms. Blair filed with her complaint.  Even though she did not attach it to her amended complaint, the court considers it given the leniency with which it reviews pro se complaints.

failed to amend her complaint before that court.  Therefore, it is not in the interest of justice to transfer the same complaint back to that court.

For the forgoing reasons, the court **GRANTS** the motion for leave to proceed *in forma pauperis*, ECF No. 2, **DISMISSES** plaintiff's complaint, ECF No. 9, **DENIES-AS-MOOT** plaintiff's motion for summary judgment, ECF No. 11, and directs the Clerk's Office to enter judgment accordingly.

It is so ORDERED.


s/ Edward H. Meyers
Edward H. Meyers
Judge